## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NATIONAL REPUBLICAN** | ) | |
| **CONGRESSIONAL COMMITTEE**, | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| **v.** | ) | Case No.: |
| | ) | |
| **ASHLEY EVENTS, LLC**, | ) | |
| c/o John Rusignuolo, Registered Agent | ) | |
| 3394 63rd Square | ) | |
| Vero Beach, Florida 32966 | ) | |
| | ) | |
| **Defendant**. | ) | |

## COMPLAINT

Plaintiff National Republican Congressional Committee, as and for its Complaint against Defendant Ashley Events, LLC, hereby alleges as follows:

## INTRODUCTION

1.  This is an action for breach of contract brought by a nonprofit political committee against its former event planner, a limited liability company. This action seeks recovery of down payments paid by Plaintiff to Defendant for hosting an April 2020 event that never occurred due to the advent of the COVID-19 pandemic and related municipal stay-at-home orders.

## JURISDICTION AND VENUE

2.  This Court has both subject matter and personal jurisdiction over the parties and claim pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and there is complete diversity between the parties. Venue lies with this district under 28 U.S.C § 1391(b)(1) & (2). Venue also lies in this district pursuant to the Contract, section 4. *See* Ex. 1.

1

## PARTIES

3.  Plaintiff National Republican Congressional Committee ("NRCC") is a non-profit corporation organized in the District of Columbia. Its primary office is located at 320 First Street SE, Washington, DC 20003.

4.  Defendant Ashley Events, LLC ("AE") is a limited liability company organized in Florida. Upon information and belief, no members of AE reside in the District of Columbia. AE's principal office is located at 3394 63rd Square, Vero Beach, Florida 32966. Service of process can be achieved by serving this Complaint on AE's Registered Agent, John Rusignuolo, at 3394 63rd Square, Vero Beach, Florida 32966.

## FACTS

5.  On October 28, 2019, NRCC and AE (the "Parties") signed an event contract (the "Contract") for a planned "2020 Spring Dinner & After Party" (the "Event") to be held on April 28, 2020, at Union Station in Washington, DC. *See generally* Ex. 1. The Contract stipulated that AE would produce and manage the Event using an approved budget supplied by NRCC.

6.  The Contract laid out the following schedule for payment: (1) A minimum $75,000.00 deposit was due upon acceptance of the Contract; (2) A second deposit equaling 50% of the total approved budget for the Event was due by January 6, 2020; and (3) The remaining balance was due by seven (7) business days prior to the Event (i.e., by April 21, 2020). *Id.* at ¶ 2. NRCC would then be presented with invoices for any additional costs incurred after the Event. *Id.*

7.  In addition to payment and other provisions, the Contract also included a force majeure clause that read in relevant part as follows:

> Neither party shall be liable to the other party for any delay or
> failure in the performance of its obligations under this Contract or
> otherwise if such delay or failure arises from any cause or causes
> beyond the control of such party including, without limitation, . . .

> *epidemic*, . . . *regulation or orders by the government, or subdivision thereof*, except that NRCC shall pay AE for any out-of-pocket expenses, including third party / subcontracting expenses related to this Agreement.

*Id.* at ¶ 7 (emphasis added).

8.   On November 1, 2019, one day after signing the Contract, NRCC paid the first required installment of $75,000.00 to AE by wire transfer. *See* Ex. 2.

9.   During the early months of performance under the Contract, reports began emerging from China about a mysterious respiratory virus known as COVID-19. At the New Year, however, COVID-19 still appeared to be a problem that was confined within China's borders, and it would be weeks before it became clear that the virus would affect everyday life in the United States of America.

10. On January 21, 2020, a resident of Washington State became the first American to contract a confirmed case of COVID-19.

11. Less than a week after that initial diagnosis, on January 28, 2020, NRCC paid a second installment of $400,000.00 to AE by wire transfer, an amount equal to 50% of the Event budget. *See* Ex. 3. This second installment was paid under the assumption that the Event would still take place as planned on April 28, 2020.

12. In the weeks after payment of the second installment, COVID-19 began spreading with frightening rapidity inside of the United States. On March 13, 2020, President Donald Trump officially declared the COVID-19 pandemic a national emergency, and state and local officials soon followed the President's lead with a plethora of orders and regulations intended to reduce the spread of the virus.

13. On March 24, 2020, Washington, DC Mayor Muriel Bowser issued the District's first stay-at-home order, Order 2020-053. *See* Ex. 4. Among other actions designed to reduce the

spread of COVID-19, Order 2020-053 banned large gatherings "that bring together or are likely to bring together ten (10) or more persons at the same time in a single room." *Id.* at 3, 7. Under this definition, the planned Event constituted a prohibited "large gathering."

14. Although the ban on large gatherings imposed by Order 2020-053 originally expired on April 24, 2020, a second order issued by the Mayor in mid-April—Order 2020-063—extended the duration of the ban through May 15, 2020, several weeks after the planned April 28th date of the Event. Ex. 5 at 9.

15. NRCC and AE were initially optimistic that the Event could still be held in Washington, DC on some later date once the District's COVID-19-related Orders expired and large gatherings were once again permissible. Pursuant to these continuing negotiations, on June 2, 2020, NRCC paid a third installment of $70,000.00 to AE by wire transfer. This was the final payment made by NRCC to AE for the Event. Ex. 6.

16. Unfortunately, the Event never occurred because the COVID-19 emergency did not quickly lapse. The District's ban on large gatherings continued until Order 2021-069 lifted all private gathering restrictions on May 21, 2021—more than one year after the original date of the Event. Ex. 7 at page 3.

17. In May 2021, NRCC contacted AE to seek repayment of the full balance of its deposits for the Event, given that the Event was cancelled and never occurred. When AE did not remit payment of the requested funds, NRCC emailed a demand letter to Mr. John Rusignuolo, registered agent of AE, on June 11, 2021. *See* Ex. 8. This letter highlighted the force majeure clause in Section 7 of the Contract, which released both parties from liability "*in the event that failure of performance is caused by an epidemic or by regulations or orders by the government.*"

*Id.* Because the Event was cancelled for those enumerated reasons, NRCC is not liable for payment and deposits already paid should be returned.

18. On June 23, 2021, AE replied to NRCC's demand letter through its counsel to decline to repay *any* of the amount remitted by NRCC. *See* Ex. 9. Instead, adhering to a perplexing interpretation of Section 3 of the Contract, AE demanded that NRCC remit to AE the remainder of the entire balance due on the Contract as liquidated damages, even though the Event never occurred due to no fault of either Party. *Id.* at 1. Hence, unable to secure repayment via nonjudicial means, Plaintiff brings the instant Complaint for breach of contract.

19. The combined total of the three payments made by NRCC to AE for the Event is $545,000.00.

<u>**CLAIM FOR RELIEF**</u>

**Count One – Breach of Contract:**

20. NRCC adopts and incorporates herein all of the factual allegations set forth above.

21. NRCC and AE entered into a valid and binding Contract that required AE to plan and conduct an Event in exchange for agreed-upon payment from NRCC.

22. The NRCC made three payments to AE, cumulatively totaling $545,000, pursuant to the Contract. However, the Event was not held on April 28, 2020 or on any day thereafter due to the combined effect of the COVID-19 pandemic and the District's related ban on hosting large gatherings of more than ten (10) people. These conditions fit squarely within the ambit of the force majeure clause in Section 7 of the Contract because both were enumerated therein.

23. Section 7 holds that "[n]either party shall be liable to the other party for any delay or failure in the performance of its obligations under this Contract" in the face of a qualifying force majeure condition, but it does not release either Party from liability for failing to restore the

status quo ante. In fact, Section 7 specifically requires NRCC to compensate AE "for any out-of-pocket expenses" incurred with regard to the Event—but that is *all* the compensation that NRCC is obligated to pay after the force majeure clause is triggered. Here, the force majeure clause was triggered when the Event was cancelled due to the virus and the District's COVID-19 regulations, but AE has, as of the date of this filing, failed to return any of the deposits paid by NRCC, less out-of-pocket expenses AE as provided by Section 7.

24. Hence, AE breached Section 7 of the Contract and has damaged NRCC by failing to return the deposits paid by NRCC after the Event was cancelled due to the COVID-19 pandemic.

25. AE has not produced any invoices identifying any out-of-pocket expenses it incurred in relation to the Contract.

26. NRCC has been damaged in the amount of $545,000.00, which is due and owing pursuant to the Contract.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully requests entry of judgment against Defendant for damages in the amount of $545,000.00 for deposits paid, pre-judgment and post-judgment interest as provided by law, plus costs of this action, and for such other and further relief as this Court deems just and proper.

Dated: October 26, 2021

/s/ Jonathan P. Lienhard
Jonathan P. Lienhard (D.C. Bar No. 474253)
jlienhard@holtzmanvogel.com
Dallin B. Holt (D.C. Bar No. 1722555)
dholt@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
15405 John Marshall Highway
Haymarket, VA 20169
Phone: (540) 341-8808
Fax: (540) 341-8809
*Counsel for Plaintiff*